NO. _____14-1500_____

In The

# United States Court of Appeals

For The Fourth Circuit

TRACY E. WADE, Administratrix of the Estate of Richard Brian Wade

Plaintiff/Appellant

v.

UNITED STATES OF AMERICA

Defendant/Appellee

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE    SOUTHERN DISTRICT OF WEST VIRGINIA        AT    HUNTINGTON

SUPPLEMENTAL BRIEF

OF APPELLANT

Matthew C. Lindsay, M.D., J.D.
Richard D. Lindsay, M.D., J.D.
Tabor Lindsay & Associates
PO Box 1269
Charleston, WV 25325
p:304/344-5155


Counsel for Appellant

# Table of Contents

Table of Authorities .........................................2

Statement of the Issues Presented on Supplemental Brief........3

Statement of Case.............................................3

Summary of Appellant's Argument...............................4

Argument......................................................5

       A.    Standard of Review..................................5

       B.    The Court has requested a supplemental brief in
response to whether or not a judgment was entered as a
separate document as per Fed.R.Civ.P. 58(a) and when
judgment was filed under Fed.R.Civ.P. 58(c). Appellant
asserts that judgment was not filed on a separate
document as required under Rule 58(a)at any point prior
the filing of the Notice of Appeal, and thus her Notice
of Appeal was timely pursuant to Fed.R.App.P. 4(a).

Conclusion...................................................10

Request for Oral Argument....................................10

Certificate of Service.......................................12

# Table of Authorities

**Cases:**

Baker v. Mercedes Benz of North America, 114 F.3d 57 (5th Cir. 1997)................................................................8

Barber v. Whirlpool Corp., 34 F.3d 1268 (4th Cir. 1994)........8

Block v. Allstate Insurance Co., 202 F.3d 257 (4th Cir. 1999)...8

Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683 (4th Cir. 1978).............................................................5,7

Hughes v. Halifax County School Bd., 823 F.2d 832 (C.A.4(Va.), 1987...........................................................5,7,8,10

Hamilton Beach Brands, Inc. v. Sunbeam Prods., Inc. (E.D.Va. 2012)................................................................8

Marshak v. Branch, 980 F.2d 727(C.A.4 (N.C.), 1982)............8

Teague v. Bakker, 213 F.Supp.2d 571 (W.D.N.C. 2002).........8,9

US v. Indrelunas, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973)................................................................5

United States v. Perez, 736 F.2d 236.........................7

**Other:**

Fed.R.App. 4....................................3,5,6,8,9,10

Fed.Civ.P. 58 ..................................3,4,6,8,9,10

Appendix Forms, Fed.Civ.P....................................7

**Statement of Issues Presented on Supplemental Brief**

Whether judgment was entered on a separate document pursuant to Fed.R.Civ.P. 58(a) and (c), thus establishing a definitive time frame for Plaintiff to file her Notice of Appeal according to Fed.R.App.P. 4(a)(7).

**Statement of Case**

**A.    Nature of the Supplemental Brief:**

The Court has requested supplemental briefing on the singular issue of whether or not a judgment was entered pursuant to Fed.R.Civ.P. 58. Specifically, whether or not judgment was entered on a separate document according to Rule 58(a) and when such judgment was entered according to Rule 58(c) to determine when the 30 day time frame began to run for plaintiff to file her notice of appeal.

**B.    Statement of Facts:**

Defendant has asserted that plaintiff did not timely file her Notice of Appeal because the notice was filed more than 30 days after entry of the court's Memorandum Opinion and Order. App. 11. That memorandum was entered on February 20, 2014. Plaintiff then filed her Rule 59 motion, with leave of the court, on April 2, 2014. App. 19. The Court then entered an order denying plaintiff's Rule 59 motion on April 28, 2014. App. 45. Plaintiff then filed her Notice of Appeal on May 26, 2014. App.

3

xi.

The Memorandum Opinion and Order is an eight page document
that contains findings of fact, conclusions of law, and the legal
reasoning of the court. However, the memorandum lacks significant
dispositive language including requesting the clerk to enter
final judgment on a separate document or strike the case from the
court's docket. The court did not enter any other order, save the
order denying plaintiff's Rule 59 motion, that was related to
judgment. Further, the clerk did not enter judgment on a separate
document as required by Rule 58.

### Summary of Appellant's Supplemental Argument

The district court entered a document entitled "Memorandum
Opinion and Order" on February 20, 2014. App. 11. The memorandum
opinion is an eight page document which details the findings of
fact determined during the bench trial of this matter, the
reasoning for the court's findings, and concludes with "The Court
**DIRECTS** the Clerk to send a copy of this written Opinion and
Order to counsel of record and any unrepresented parties." Id.
There was no other entry by the Court or the Clerk regarding, or
in relation to, judgment of this matter, save the order denying
plaintiff's rule 59 motion. App. 45. The district court's
Memorandum Opinion and Order fails to qualify as a judgment set
forth on a separate document. Thus, no judgment was entered as

4

required by Rule 58 and plaintiff's Notice of Appeal was, therefore, timely filed in accordance with Fed.R.App.P. 4.

## Argument

### A.    Standard of Review:

According to Rule 58 of the Federal Rules of Civil Procedure, without the Court's direction, the clerk must promptly enter judgment on a separate document when the court has denied all relief to the claimant. The purpose of the rule is to establish and clarify the time of entry of judgment and, thus, the running of the time for appeal. See <u>Hughes v. Halifax County School Bd.</u>, 823 F.2d 832 (C.A.4(Va.).

The "requirement of filing judgment on a separate document must be 'mechanically applied,' without regard to the equities of the case." <u>Id</u> at 835, *citing* <u>US v. Indrelunas</u>, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973). Furthermore, after the decision in *Indrelunas*, the lower courts have strictly construed the separate document requirement. <u>Id</u>, *citing* <u>Caperton v. Beatrice Pocahontas Coal Co.</u>, 585 F.2d 683 (4th Cir. 1978).

### B.    According to Fed.R.App. 4, the plaintiff must file her Notice of Appeal within 30 days after entry of the judgment. Although the district court entered a Memorandum Opinion and

5

**Order in the case at bar, judgment was not entered on separate document as required by Fed.R.Civ.P 58. Therefore, plaintiff timely filed her Notice of Appeal prior to entry of judgment.[1]**

Fed.R.App. 4(a)1 provides that an plaintiff must file her notice of appeal within thirty days of the entry of the judgment or order being appealed. 4(a)7ii defines the point of entry of a judgment or order (those that require a separate document) as the date of the entry of the judgment on a separate document or 150 days from the entry of the memorandum opinion. The separate document requirement is codified in Fed.R.Civ.P. 58 and requires that "[e]very judgment and amended judgment must be set out in a separate document . . ."_Id_ at (a). Further, 58(b)1 states that, without direction from the court, the clerk must "promptly prepare, sign, and enter judgment when: (c) the court denies all relief." According to the advisory committee notes, the separate document requirement was implemented to avoid confusion as to what document constituted entry of a judgment and, thus, the time period for filing a notice of appeal.

"This simple separate document requirement has been ignored in many cases. The result of failure to enter judgment on a

---

[1]See Fed.R.App.P. 4(a)(2).

6

separate document is that the time for making motions under Rules 50, 52, 54(d)(2)(B), 59, and some motions under Rule 60, never begins to run. The time to Appeal under Rule 4(a) also does not begin to run."<u>Id</u>.

The committee notes specifically state that the separate document is "distinct from any opinion or memorandum" and establishes a basis for which all parties to know precisely when the judgment is entered and the time for motions and appeal begins to run. The committee notes also suggest standard forms which the court/clerk could or should use as a separate and distinct document. *See* Fed.R.Civ.P. Appendix Forms 70 and 71. In <u>Hughes v. Halifax County School Bd.</u>, 823 F.2d 832 (C.A.4(Va.), 1987, following the advisory committee notes, the court determined that entry of judgment "occurs 'only when the essentials of a judgment or order are set forth in a written document separate from the court's opinion or memorandum and when the substance of this separate document is reflected in an appropriate notation on the docket sheet assigned to the action in district court."<u>Id</u> at 835, citing <u>Caperton v. Beatrice Pocahontas Coal Co.</u>, 585 F.2d 683 (4th Cir. 1978). The Court goes on to say that the length of the order is a consideration. That is, "an order unaccompanied by a long explanation is likely to be considered a 'judgment.' See, e.g. United States v. Perez, 736 F.2d 236, 237 n. 1, 238 (5th Cir. 1984)."<u>Id</u>. The inverse is also

7

true - "a document which attempts to combine the court's reasoning and its final disposition is not likely to be considered a 'separate document' under Rule 58." *See also*, Marshak v. Branch*, 980 F.2d 727(C.A.4 (N.C.), 1982),* Hamilton Beach Brands, Inc. v. Sunbeam Prods.*, Inc. (E.D.Va. 2012) and* Teague v. Bakker*, 213 F.Supp.2d 571 (W.D.N.C. 2002).*[2]

The rules, committee notes and case law affirm that in order for the a judgment to be effective - that is, to be considered entered for the purpose of Fed.R.App.P. 4 - a separate document, distinct from any memorandum opinion, must be entered per Fed.R.Civ.P. 58. If a judgment is entered as a separate document, then the time for filing certain motions and notice of appeal begins to run.[3] In this case, an eight (8) page Memorandum Opinion and Order was entered on February 20, 2014. App. 11. That document contains findings of fact and legal reasoning much like

---

[2]The Court in *Teague*, after opining that Judge McMillian's ten page Memorandum and Order did not qualify as a separate judgment because it contained findings of fact and legal reasoning cited numerous cases in which such memorandum fail to satisfy Rule 58: Barber v. Whirlpool Corp., 34 F.3d 1268 (4th Cir. 1994); Block v. Allstate Insurance Co., 202 F.3d 257 (4th Cir. 1999); and Baker v. Mercedes Benz of North America, 114 F.3d 57 (5th Cir. 1997)

[3]Plaintiff does not believe that whether judgment from a bench trial in a civil matter constitutes a judgment which requires a separate document is at issue or in dispute. Rule 58 is clear on this point, and, as the court issued a memorandum opinion which explicitly finds for Untied States and denies plaintiff below all relief requested in her complaint, a separate document for judgment is required.

the memorandum orders in *Hughes* and *Teague* - which the Court determined failed to meet the separate document standard of Rule 58. In fact, the Memorandum Opinion and Order in the case at bar does not contain as much dispositive language as the memorandum opinion reviewed in *Hughes*. The Memorandum Opinion and Order (App. 11) simply cannot be construed to satisfy the separate document requirement of Rule 58, and it does not act as entry of judgment for the purpose of Fed.R.App.P. 4.

There were no other documents entered by the Court or clerk that could conceivably be construed to act as a judgment. The clerk did not file any documents following entry of the Memorandum Opinion and Order. The only document remotely related to judgment entered by the court was the order denying plaintiff's Rule 59 motion on April 28, 2014. App. 45. If this entry by the court were construed as satisfying the separate document requirement of Rule 58 and acts as the judgment order, then defendant's argument is moot since plaintiff filed her Notice of Appeal within 30 days of entry of that order.

There is no entry, by the clerk or court, that satisfies the separate document requirement of Rule 58. Thus, when no judgment is entered, plaintiff may file her notice of appeal up to 150 days from the entry of the memorandum opinion. *Fed.R.Civ.P. 58 (c)2.* Plaintiff filed her notice of appeal on May 26, 2014 well within 150 days from the entry of memorandum opinion and order.

Thus, plaintiff's Notice of Appeal was timely filed according to Fed.R.App.P. 4.

## Conclusion

The Memorandum Opinion and Order is an eight page document which contains findings of fact and legal reasoning. According to the standard set forth in *Hughes* and other cases referenced herein, a memorandum opinion such as this does not satisfy the separate document requirement of Rule 58. No other docket entry by the court purports to act as a separate document judgment, and the clerk failed to make any docket entry after the Memorandum Opinion and Order. Therefore, since no judgment was entered, the plaintiff had 150 days from entry of the Memorandum Opinion and Order to file her Notice of Appeal. Since the Notice of Appeal was filed prior to expiration of 150 days, plaintiff's notice was timely for the purposes of Fed.R.App.P. 4. Plaintiff requests that the Court find that her Notice of Appeal was timely filed and proceed with review of the substantive issues raised on appeal.

Appellant requests oral argument should the Court deem it appropriate.

**TRACY E. WADE, Administratrix
of the Estate of RICHARD BRIAN WADE,
By Counsel**

10

s/ Matthew C. Lindsay, J.D., M.D.
Richard D. Lindsay, M.D., J.D.
W.Va. State Bar # 2216
Matthew C. Lindsay, M.D., J.D.
W. Va. State Bar # 7896
Tabor Lindsay & Associates
Post Office Box 1269
Charleston, WV 25325
304/344-5155

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 14-1500        **Caption:** Wade v. US

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the  type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [✔] this brief contains ____2216____ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [✔] this brief uses a monospaced typeface and contains ____344____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ ] this brief has been prepared in a proportionally spaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*]; **or**

   [✔] this brief has been prepared in a monospaced typeface using Word Perfect_____ [*identify word processing program*] in Courier New 12_____ [*identify font size and type style*].

(s) Matthew C. Lindsay_____

Attorney for Tracy Wade_____

Dated: February 25, 2015____

Certificate of Service

I, Matthew C. Lindsay, M.D., J.D., an attorney with the law firm of Tabor Lindsay and Associates, certify that on February 26, 2015, I electronically filed the foregoing Supplemental Brief of Appellant, Tracy Wade, Administratrix of the Estate of Richard Brian Wade, using the CM/ECF system, which will send notification to such filing to:

Fred B. Westfall, Jr. Esquire
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326
p:304/345-2200


s/Matthew C. Lindsay, M.D., J.D.
Matthew C. Lindsay, M.D., J.D.

12